IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:15-CR-0250-LMM-CMS |
| QUIYONTAY SANDERS, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [33], recommending that Defendant Quiyontay Sanders's Motions to Suppress [16, 17] be denied. Defendant has filed untimely objections [41] to the R&R, which the Court will nonetheless consider.

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; FED. R. CRIM. P. 59(b)(3). As Defendant filed objections to the R&R with respect to its findings regarding and analysis of Defendant's motion to suppress evidence, the Court reviews the Magistrate Judge's findings and recommendations regarding these conclusions on a *de novo* basis.

Defendant objects, for the reasons explained in his "previously filed motions and supporting briefs," to the Magistrate Judge's decision that the

relevant search was proper because (1) Defendant's parolee status authorized the search; (2) the search was a protective sweep incident to arrest; and (3) it was consensual. Dkt. No. [41]; see also Dkt. No. [33] (containing the Magistrate Judge's recommendations). Defendant contends (1) that he was a mere "social guest" of his girlfriend's residence, and thus the residence was not subject to his parole terms; (2) there was no reasonable basis to conduct a protective sweep of the apartment; (3) the search exceeded the scope of a permissible search as no person could have been concealed by the pile of bedding that concealed the gun. Dkt. No. [41] at 1-2.

In the R&R, the Magistrate Judge addressed the arguments Defendant raised in his Motions [16,17] and his Post-Hearing Brief [28]. The Court finds that the Magistrate Judge correctly concluded for three alternative reasons that the relevant search was proper because of (1) Defendant's parolee status, see Dkt. No. [33] at 9-13; (2) that the search was a protective sweep incident to arrest, see id. at 14-16; and (3) it was consensual, see id. at 16-17. In accordance with the foregoing, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [33] as the findings of this Court. Defendant's Motions to Suppress Evidence [16, 17] are **DENIED.**

The trial in this action is hereby set to begin on Monday, August 22, 2016 at 9:30 AM in Courtroom 2107. The pretrial conference will be held on Tuesday, August 16, 2016, at 9:00 AM in Courtroom 2107. By noon on Thursday, August 4, 2016, the parties are to file the following: motions *in limine* and proposed *voir*

*dire* questions. By noon on Thursday, August 4, 2016, the Government must file a brief summary of the indictment that the parties can rely on for *voir dire*. By noon on Friday, August 12, 2016, the parties are to file responses to motions *in limine* and any objections and to those items listed above.

Excludable time is allowed through August 22, 2016, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this 8th day of July, 2016.

_____
**Leigh Martin May**
**United States District Judge**